**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | |
|---|---|
| **UNUM LIFE INSURANCE COMPANY** | ) |
| **OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )           **No. 11-2450-STA-cgc** |
| | ) |
| **KENNETH DALE TUCKER, Individually,** | ) |
| **KENNETH DALE TUCKER, as Trustee** | ) |
| **for _____, a Minor, and** | ) |
| **JENNIFER TUCKER, as Guardian for** | ) |
| **_____, a Minor,** | ) |
| | ) |
| **Defendants,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **KENNETH DALE TUCKER, Individually** | ) |
| **and as Trustee for _____, a Minor,** | ) |
| | ) |
| **Counter-Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **JENNIFER TUCKER, as Guardian for _____,** | ) |
| **a Minor,** | ) |
| | ) |
| **Counter-Defendant.** | ) |

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR**
**DISCHARGE, DISMISSAL AND PERMANENT INJUNCTION**

---

Before the Court is Interpleader-Plaintiff UNUM Life Insurance Company of America's

("UNUM") Motion for Discharge, Dismissal, and Permanent Injunction (D.E. # 26) filed on

January 27, 2012.  For the reasons set forth below, UNUM's Motion is **GRANTED**.

1

## BACKGROUND

This interpleader action arises out of a dispute regarding the proceeds of a life insurance policy ("the Policy") issued by Unum to the employer of Kenneth David Tucker ("Decedent"). (Compl., D.E. #1, at 1.)  At the end of Decedent's employment, on December 24, 1999, he elected to "port" his group policy in the amount of $50,000.00 to an individual policy.  (*Id.* ¶ 6.) At that time, Decedent named his wife, Jennifer Tucker, as primary beneficiary under the policy. (*Id.* ¶ 7.)

On July 22, 2009, Decedent and Jennifer Tucker were divorced.  (*Id.*)  Soon after, on August 7, 2009, Decedent completed a "Portability Protection Plan Request for Change [F]orm" designating his father, Kenneth Dale Tucker ("Kenneth Tucker"), as his primary beneficiary. (*Id.*)  Decedent passed away on January 28, 2011.  (*Id.* ¶ 8.)

UNUM received a claim for life insurance benefits under the Policy from Jennifer Tucker on February 4, 2011, which included a Permanent Parenting Plan Order ("PPP") from the couple's divorce.  (*Id.*)  The PPP states that each parent was to maintain a life insurance policy that "name[s] the child/children as the sole irrevocable primary beneficiary."  (*Id.*)

On February 24, 2011, UNUM received a competing claim for Decedent's life insurance benefits from Kenneth Tucker.  (*Id.* ¶ 9.)  The next day, Jennifer Tucker's attorney sent UNUM a letter requesting that its legal department review the competing claims and agree that no funds would be paid on the claim unless a written agreement was reached between Jennifer Tucker and Kenneth Tucker.  (*Id.*)  On March 2, 2011, UNUM sent Jennifer Tucker's attorney a letter, with a carbon copy sent to Kenneth Tucker, stating that it would review the claim and contact the parties upon completion of the review.  (*Id.*)

2

That same day, Kenneth Tucker expressed to UNUM that he was the named beneficiary under the Policy and was unwilling to compromise with Jennifer Tucker.  (*Id.* ¶ 10.) Accordingly, he stated that a court would have to decide the matter.  (*Id.*)  UNUM contacted both Kenneth and Jennifer Tucker and requested that they reach an agreement on the matter.  (*Id.* ¶ 11.)  UNUM also stated that if they could not reach an agreement by April 7, 2011, it would file an interpleader action.  (*Id.*)  After receiving word from Kenneth Tucker's attorney that the parties would not be able to reach an agreement (*Id.* ¶ 12), UNUM filed its Complaint for Interpleader on June 6, 2011.  (D.E. # 1.)

UNUM admits its liability under the Policy for an amount totaling $50,000.00 but asserts "that it has good faith doubt as to who is entitled to [those] proceeds.  (UNUM's Mem., D.E. # 27, at 3.)  UNUM asserts that it "is therefore an innocent stakeholder of the proceeds and entitled to interpleader relief."  (*Id.*)  In its Complaint, UNUM requested leave to tender the proceeds of the Policy into the registry of the Court.  (Compl. ¶ 15.)  UNUM filed a Motion to Deposit Funds (D.E. # 22) on October 20, 2011, which the Court granted on October 25, 2011 (D.E. # 23). Those proceeds are now held for deposit and investment in the Court.  (UNUM's Mem., D.E. # 27, at 2.)

UNUM asserts that it is entitled to dismissal pursuant to 28 U.S.C. §§ 1335 and 2361 and Federal Rules of Civil Procedure 22 and 54(b) because it "no longer has any liability or role in this litigation and its continued participation in this matter would cause it to expend time and resources without good cause."  (*Id.* at 1, 4.)  Accordingly, UNUM moves the Court to discharge it from any liability for benefits arising from the death of Decedent, dismiss it from this action

with prejudice, and enter a permanent injunction of any action against it in relation to the interpleader funds.  (UNUM's Mot., D.E. # 26, at 2.)

## ANALYSIS

UNUM requests that the Court dismiss it from this action and enjoin all Defendants from bringing or maintaining further action against it in connection with this matter.[1]  Under Federal Rule of Civil Procedure 22, parties may be "required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability."[2]  Interpleader allows a party "who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under [its] control a procedure to settle the controversy and satisfy [its] obligation in a single proceeding."[3]  If the Court determines that interpleader is appropriate, "it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead."[4]

In addition, Federal Rule of Civil Procedure 54(b) states that, in interpleader actions, "the court may direct entry of a final judgment as to one or more . . . claims or parties only if the court expressly determines that there is no just reason for delay."[5]  Similarly, 28 U.S.C. § 2351 provides that courts may restrain the claimants in an interpleader action "from instituting or

---

[1]      (UNUM's Mot., D.E. # 26, at 2.)

[2]      Fed. R. Civ. P. 22.

[3]      *U.S. v. High Tech. Prods., Inc.*, 497 F.3d 637, 642 (6th Cir. 2007).

[4]      *Id.*

[5]      Fed. R. Civ. P. 54(b).

4

prosecuting any proceeding . . . affecting the property, instrument, or obligation involved in the interpleader action until further order of the court."[6] Further, courts may "discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."[7]

In the case at bar, claimants' sole dispute relates to who is entitled to the insurance proceeds under the Policy. UNUM admits its liability under the insurance policy for the benefits totaling $50,000.00.[8] Accordingly, UNUM has deposited a check for $50,350.68 with the Court representing the death benefits plus accrued interest.[9] UNUM asserts that it has a good faith doubt as to who should receive these proceeds and therefore is entitled to interpleader relief as an innocent stakeholder.[10] This amount satisfies the entire proceeds of the Policy disputed by Kenneth and Jennifer Tucker. In depositing these proceeds with the Court, UNUM has met its ultimate obligation in the current proceeding. Further, no party has opposed UNUM's Motion.


As a disinterested stakeholder, UNUM's active role in this litigation has come to an end, with no party opposing the current Motion. Having admitted its liability under the Policy, UNUM deposited the disputed insurance proceeds with the Court. Because UNUM has properly invoked interpleader and deposited the full amount due under the Policy with the Court, the

---

[6]    28 U.S.C. § 2351.

[7]    *Id.*

[8]    (UNUM's Mem., D.E. # 27, at 3.)

[9]    (Order Granting Pl.'s Mot. to Deposit Funds, D.E. # 23, at 1.)

[10]    (*Id.*)

Court finds no just reason to delay granting final judgment to UNUM and enjoining the claimants from instituting further action against UNUM.  Therefore, UNUM's Motion for Discharge, Dismissal and Permanent Injunction is **GRANTED**.

<u>**CONCLUSION**</u>

For the reasons set forth above, UNUM's Motion for Discharge, Dismissal, and Permanent Injunction is **GRANTED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 14, 2012.

6